EDWARD D. ALLEN, Respondent, v. NATIONAL
FIRE INSURANCE COMPANY, of Hartford,
Appellant.

**Kansas City Court of Appeals, April 29, 1912.**

1. **PRACTICE: Filing Pleading: Receipt by Clerk: Overlooked.**
   If an answer is enclosed in a letter to the clerk of the circuit
   court with request to file it, and he allows it to lie in his office,
   unfiled and forgotten, it will be considered as filed on the day
   he received it.

2. ————: **Judgment by Default: Setting Aside: Discretion.**
   If an answer is not marked filed on the day required by law
   and no record entry of filing appears, and the clerk testifies
   that the file mark thereon is correct, the trial court's conclusion
   that it was not filed before the time shown by such file mark,
   and its refusal to set aside a default, will not be disturbed.

Appeal from Vernon Circuit Court.—*Hon. B. G.
Thurman,* Judge.

AFFIRMED.

*Lee B. Ewing, Mulvane & Gault, Harkless, Crys-
ler & Histed* and *Hogsett & Boyle* for appellant.

The court erred in overruling defendant's mo-
tion to set aside the default judgment for the fol-
lowing reason: The answer, in contemplation of law,
was filed as soon as it came into the clerk's possession
for that purpose. Therefore, the answer was on file
several days prior to the first day of the term, and the
court had no authority to render the default judgment.
Baker v. Henry, 63 Mo. 517; Building and Planing
Mill Co. v. Huber, 42 Mo. App. 432; Grubbs v. Cones,
57 Mo. 83; Bensley v. Haeberle, 20 Mo. App. 651; Con-
nors v. St. Joseph, 141 S. W. 639, and cases there cited;
31 Cyc. 591.

*Scott & Bowker* for respondent.

(1) Under the statutes in this state where a party files a pleading in vacation, it is necessary, in order for it to constitute a pleading in the cause, to notify the other party. R. S. 1909, sec. 1840. (2) If such party fails to file his answer or other pleading within the time prescribed by law or the rules of practice of the court, and serve a copy thereof upon the adverse party, or his attorney, when the same is required, an interlocutory judgment shall be given against him by default. R. S. 1909, sec. 2093. (3) The setting aside of a default judgment is a matter largely within the discretion of the trial court and such decision will not be reviewed except in cases of manifest injustice. Hoffman v. Loudon, 96 Mo. App. 185; Welch v. Mastin, 98 Mo. App. 273; Knaupp v. Miller, 133 Mo. App. 256. (4) The court will not set aside a default where the party or his attorney has been negligent or failed to use proper diligence. Hoffman v. Loudon, 96 Mo. App. 184; Colter v. Luke, 129 Mo. App. 703.

ELLISON, J.—Plaintiff instituted an action on a fire insurance policy, returnable to the first day of the October term, 1911, of the Vernon County Circuit Court, which was the first day of that month. No answer was filed by defendant until the 4th day, when the clerk's filing appears to be endorsed thereon. On the 5th, plaintiff filed a motion to strike it out as not being filed in time and for judgment by default, based on sections 1840 and 2093, Revised Statutes 1909. The motion was sustained and a default entered. Then, on the 13th of October, defendant moved to set aside the default, which the court overruled. This appeal followed.

It appears that defendant claims to have filed an answer in the latter days of September. That is, that its attorneys, residing at Topeka, Kansas, enclosed an

answer to the clerk of the court in a letter addressed to him from that place. If that was done and the clerk received it, we should say it was a sufficient filing within the meaning of the statute, although not entered on the records or endorsed on the back. But the clerk testified that he never received the answer until the day it was marked filed. A copy of the letter, which is dated September 25, 1911, in which defendant claims the answer was enclosed, was produced in evidence and it states the answer to be enclosed and requests the clerk to file it. It then asks the clerk to write them the address of plaintiff's attorneys. Then a letter from the clerk dated September 29, giving the address of the attorneys and stating the day the case was set for trial, but *not mentioning* the receipt of the answer, was produced. The clerk testified that he received other letters from the attorneys and that he did not think his letter of the 29th was an answer to defendant's of the 25th, but was an answer to one of the other letters. At any rate, the clerk states positively that he filed the answer as soon as it was received and that it did not lie in his office overlooked. It seems that some confusion arose in the matter on account of the original attorneys, residing in Topeka, having to leave for New York on business, and others from Kansas City were engaged. The motion to set aside the default was not made until the 13th, near ten days after it was entered and two days after the case was set for trial on the docket.

The trial judge heard the evidence. He was cognizant of all the circumstances and we can see no legal justification for our interference with his conclusions. The judgment is therefore affirmed. All concur.